FILED

NOT FOR PUBLICATION

FEB 13 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MALONI VAKACAVU QIONIWASA;
OLIMAIPA LEBA QIONIWASA,

Petitioners,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71320

Agency Nos.    A098-453-210
               A099-580-360

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:    FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Maloni Vakacavu Qioniwasa, lead petitioner, and his spouse, Olimaipa Leba

Qioniwasa, natives and citizens of Fiji, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

judge's ("IJ") decision denying their application for asylum and withholding of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Petitioners do not challenge the BIA's finding that they made no claim of past persecution. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in the argument portion of a brief are deemed waived).

Lead petitioner testified that he is a pastor and would be mistreated in Fiji if he speaks out against the government. Substantial evidence supports the BIA's finding that petitioners failed to establish a clear probability of future persecution in Fiji. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution too speculative). Accordingly, their withholding of removal claim fails.

We lack jurisdiction over any challenge petitioners raise to the IJ's finding that their asylum application was time-barred because they did not exhaust this issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Further, contrary to petitioners' contentions, they were not prevented from addressing issues the IJ found troubling, and the BIA did not adopt and affirm the IJ's decision.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

10-71320